**BRYAN CAVE LLP**
John W. Amberg (California Bar No. 108166)
Laju M. Obasaju (California Bar No. 255706)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-mail:  jwamberg@bryancave.com
         laju.obasaju@bryancave.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.
and WELLS FARGO HOME MORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM DE JESUS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO HOME MORTGAGE, INC., a New York Corporation; COUNTRYWIDE HOME LOANS, a New York Corporation and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV09-02193 JFW (AGRx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS WELLS FARGO HOME MORTGAGE AND COUNTRYWIDE HOME LOANS, INC.**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date:       June 29, 2009<br>Time:       1:30 p.m.<br>Courtroom: 16<br><br>Complaint Filed: March 30, 2009<br>Trial Date:       Not yet assigned |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 29, 2009 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 16 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and Countrywide Home Loans, Inc. ("Countrywide") (collectively "Defendants") will, and hereby do, move this Court for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint of plaintiff Abraham De Jesus ("Plaintiff").

This Motion is made on the following grounds:

1. The Complaint as a whole fails to state a claim upon which relief may be granted against Defendants.

2. Plaintiff cannot state a claim for Rescission under the Truth in Lending Act ("TILA") and Regulation Z (Count 1) against Defendants because Plaintiff has not properly notified Defendants of his intent to rescind.

3. Plaintiff cannot state a claim for violations of TILA (Count 2) against Defendants because such a claim is time-barred.

4. Plaintiff cannot state a claim for violations of the Fair Debt Collection Practices Acts ("FDCPA") (Count 3) against Defendants because the FDCPA does not apply to mortgage lenders.

5. Plaintiff cannot state a claim for violations of California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* ("UCL") (Count 4) against Defendants because Plaintiff has failed to allege an underlying unfair, unlawful or fraudulent act.

6. Plaintiff cannot state a claim for Quiet Title (Count 5) against Defendants because the Complaint is not verified as required by the California statute governing quiet title actions.

///

///

1  This Motion is based on this Notice of Motion and Motion, the attached
2  Memorandum of Points and Authorities, the records on file in this case, the oral
3  arguments of counsel, and such other matters as the Court may consider.
4  This Motion is made following the conference of counsel pursuant to L.R. 7-3
5  which took place on May 27, 2009.

6  Dated: June 3, 2009

**BRYAN CAVE LLP**
JOHN W. AMBERG
LAJU M. OBASAJU

By: /s/ Laju M. Obasaju
    Laju M. Obasaju
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC. and WELLS FARGO HOME MORTGAGE, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This lawsuit is nothing more than an attempt by Plaintiff Abraham De Jesus ("Plaintiff") to avoid his financial obligations to defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and Countrywide Home Loans, Inc. ("Countrywide") (collectively "Defendants").  Plaintiff alleges multiple claims seeking to avoid a foreclosure sale on his property.  However, Plaintiff's claims are either time-barred, prematurely pleaded, do not apply to Defendants, or do not allege sufficient facts to state a claim against Defendants for which relief can be granted.  As such, the entire Complaint should be dismissed as to Defendants.

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that the mortgage transaction at the root of this case was closed on or about May 25, 2006.  (Complaint, ¶ 14.)  Plaintiff entered into a mortgage loan transaction to include a Deed of Trust secured by a Note covering Plaintiff's residence at 416 & 416 ½ North Kenmore Avenue, Los Angeles, California  90004.  (Complaint, ¶ 5, 15.)  Plaintiff further alleges that he was not provided with all the necessary documents at or before the closing.  (Complaint, ¶ 21.)  According to Plaintiff, a veritable laundry list of required documents were allegedly never provided to him in conjunction with the transaction.  (Complaint, ¶ 21(a)-(s).)  Plaintiff goes on to allege that the alleged failure to provide the required documents extends his three business-day right of rescission under the Truth in Lending Act ("TILA") and constitutes a violation of TILA.  (Complaint, ¶¶ 23, 27.)  Plaintiff also alleges that Defendants failed to provide a validation notice and used false or misleading representation or deceptive tactics to collect a debt in violation of the Federal Debt Collections Practices Act ("FDCPA").  (Complaint, ¶ 44(a)-(c).)  Plaintiff further alleges that the above actions constitute a violation of California's Unfair Competition Law, Business & Professions Code section 17200, *et seq.* ("UCL").  (Complaint, ¶¶ 47-66.)  Finally, Plaintiff seeks to quiet title as of

December 6, 2008.  (Complaint, ¶¶ 68-72.)

## III.   THE COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS

### A.   Standard for a Motion to Dismiss

A Complaint shall be dismissed when it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A 12(b)(6) motion challenges the sufficiency of the pleadings set forth in the complaint.  *Hana Fin., Inc. v. Hana Bank*, 500 F.Supp 2d 1228, 1232 (C.D. Cal. 2007).  In order to survive a motion to dismiss, a complaint must contain factual allegations that do more than invite mere speculation.  *Id*.  While the Court must accept as true all material allegations, as well as reasonable inferences to be drawn therefrom, the Court is not required to accept "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations."  *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp 2d 1095, 1098 (2006).  This occurs when a Plaintiff's complaint fails to provide grounds for his or her entitlement to relief.  Fed. R. Civ. P. 8; *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  Mere "labels and conclusions" and/or "formulaic recitation(s) of the elements of a cause of action" will not suffice to overcome a motion to dismiss.  *Id*.

Dismissal is proper where there is either "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1991).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (internal citations omitted).  Rather , the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 127 S. Ct. at 1965.

A court can dismiss claims without granting leave to amend if amending the complaint would be futile.  *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th

Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.")  Specifically, if a plaintiff's claims are barred on their face by the statute of limitations, granting of a motion to dismiss with prejudice is proper.  *Hyatt v. Northrop Corp.*, 883 F.Supp. 484, 485 (C.D. Cal. 1995).  Application of these factors to the instant facts requires that Plaintiff's Complaint be dismissed.

**B.   Plaintiff's First Claim for Rescission Under TILA and Reg. Z Fails Because Plaintiff Has Not Properly Notified Defendants of His Intent to Rescind**

Plaintiff's first claim against Defendants is for rescission under TILA and Regulation Z.  The right of a borrower to rescind lasts three business days from the date of transaction.  15 U.S.C. § 1635(a).  However, this right can be extended under certain circumstances.  Specifically, "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."  Reg. Z § 226.23(a)(3).

However, in order to seek rescission under TILA, a plaintiff must notify the creditor of his or her intent to rescind in writing and provide the creditor an opportunity to respond **prior** to filing a lawsuit.  15 U.S.C. §§ 1635(a)-(b); *See McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421-22 (1st Cir. 2007) ("The rescission process in intended to be private, with the creditor and debtor working out the logistics of a given rescission . . . Should disagreements ensue or problems arise, either party may repair to a federal court.").  Section 226.23(a)(2) of Regulation Z provides that, in order to exercise a valid rescission request, plaintiff must notify the lender through a written communication to an address designated by the lender.  See 12 C.F.R. § 226.23(a)(2); *Ameriquest Mortg. Co. v. Hernandez*, 2003 U.S. App. LEXIS 24942 (10th Cir. 2003).  Thus:

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written

> communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

12 C.F.R. § 226.23(a)(2).

Here, Plaintiff has clearly jumped the gun by filing a claim for rescission under TILA without first properly giving written notice directly to Defendants of his intent to rescind the loan. Plaintiff does not allege that he gave Defendants proper notice and that a disagreement or problem arose. Rather, Plaintiff has chosen to file this lawsuit without first giving Defendants the opportunity to privately work out such a rescission between the parties, as is intended by TILA. As Plaintiff has not properly given notice of rescission, this claim must fail.

### C. **Plaintiff's Second Claim for Violations of TILA Fails Because It Is Time-Barred**

Plaintiff also alleges that Defendants' alleged failure to provide him with material documents in conjunction with his loan is a violation of TILA. However, any claim for damages under TILA is subject to a one-year statute of limitations. 15 U.S.C. 1640(e); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff has not alleged any facts warranting equitable tolling of the statute in this case, making such a claim inapplicable. *Quintos, Quintos v. Decision One Mort. Co. LLC*, Case No. 08-CV-1757 JM (POR), 2008 U.S. Dist. LEXIS 104503, at *6 (S.D. Cal. Dec. 29, 2008).

As previously stated, here Plaintiff admits that the closing and alleged failure of Defendants to provide him with documents occurred on or about May 25, 2006. Thus, Plaintiff had until only May 25, 2007 to bring a claim for violations of TILA. As Plaintiff has waited nearly three years to bring this claim, with no explanation for the delay, his claim is time-barred. Thus, Plaintiff's second claim for violation of TILA should also be dismissed.

### D. **Plaintiff's Third Claim for Violations of the FDCPA Fails Because the FDCPA Does Not Apply to Mortgage Lenders**

Plaintiff alleges violations of the Fair Debt Collection Practices Act

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  ("FDCPA") as well. However, Plaintiff cannot state a claim under the FDCPA
2  because the statute does not apply to mortgage lenders or mortgage companies such
3  as Defendants. *See Tina v. Countrywide Home Loans, Inc.*, Case No. 08 CV 1233
4  JM (NLS), 2008 U.S. Dist. LEXIS 88302, at *18, fn. 2 (S.D. Cal. Oct. 30, 2008)
5  ("Countrywide is not a 'debt collector' as defined under the FDCPA. The federal
6  FDCPA defines 'debt collector' as one who collects consumer debts owed to
7  another. Countrywide's conduct was directed towards collecting its own debts.")
8  *Ines v. Countrywide Home Loans, Inc.,* Case No. 08 CV 1267 WQH (NLS), 2008
9  U.S. Dist. LEXIS 55245, at *6-7 (S.D. Cal. Jul. 18, 2008) ("[L]enders and mortgage
10 companies are not 'debt collectors' within the meaning of the FDCPA. Mortgage
11 companies collecting debts are not 'debt collectors'") (internal citations omitted).
12 As Defendants are both mortgage lenders, Plaintiff's FDCPA claim against them
13 must be dismissed.

### E. Plaintiff's Fourth Claim for Violations of the UCL Fails Because Plaintiff Failed to Allege an Underlying Unfair, Unlawful or Fraudulent Act

17 California Business and Professions Code § 17200, *et seq.*, the Unfair
18 Competition Law ("UCL") prohibits unlawful, fraudulent and unfair business
19 practices. CAL. BUS & PROF. CODE § 17200, *et seq*. To sustain a claim for unfair
20 business practices, a complaint must include facts from which it can be determined
21 that the defendant acted unfairly, fraudulently or unlawfully. *Plotkin v. Tanner's*
22 *Vacuums*, 53 Cal.App.3d 454, 459-60 (1975). "In effect, the UCL borrows
23 violations of other laws . . . and makes those unlawful practices actionable under the
24 UCL." *Id.* Plaintiff has failed to properly allege any unlawful, unfair or fraudulent
25 conduct on the part of Defendants.

26 Plaintiff states that Defendants' alleged TILA, Reg. Z and FDCPA violations
27 form the underlying unlawful, unfair and fraudulent acts that underpin his UCL
28 claim. However, as discussed in sections III.B-III.D, *supra*, Plaintiff has failed to

sufficiently state any of these claims against Defendants. Plaintiff's failure to state any other claim is fatal to Plaintiff's UCL claim, which should be dismissed.

### F. **Plaintiff's Fifth Claim for Quiet Title Fails Because the Complaint Was Not Verified**

Plaintiff's final claim against Defendants is for quiet title. California's quiet title statute has six requirements: "[the] **complaint shall be verified**" and "shall include all of the following:" (1) a description of the property; (2) the title of the plaintiff and the basis for the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for determination of the title of the plaintiff against those adverse claims. CAL. CIV. PROC. CODE § 761.020(a)-(e) (emphasis added).

In this case, Plaintiff's Complaint is not verified, and therefore fails to comply with the first mandatory requirement for quiet title actions. Furthermore, Plaintiff has failed to provide a description of the property at issue in the Complaint. Because of these fatal flaws, this claim also should be dismissed.

### IV. **CONCLUSION**

Plaintiff's Complaint is fatally flawed as Plaintiff has failed to state a single claim for which relief can be granted against Defendants. For the reasons stated above, Defendants respectfully request that the Court dismiss the Complaint in its entirety without leave to amend.

Dated: June 3, 2009

**BRYAN CAVE LLP**
JOHN W. AMBERG
LAJU M. OBASAJU

By: /s/ Laju M. Obasaju
 Laju M. Obasaju
Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC. and WELLS FARGO HOME MORTGAGE, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401.

On **June 3, 2009**, I served the foregoing document, described as **MOTION TO DISMISS OF DEFENDANTS WELLS FARGO HOME MORTGAGE AND COUNTRYWIDE HOME LOANS, INC.,** on each interested party in this action, as follows:

**THE LAW OFFICES OF CARLO O. REYES**
Carlo O. Reyes, Esq.
22122 Sherman Way, Suite 203
Canoga Park, CA 91303
Telephone:  (818) 883-8838
Facsimile:  (818) 883-8118

Attorney for Plaintiff
ABRAHAM DE JESUS

☒     **(BY MAIL)** I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐     **(BY FAX)** I caused a true copy of the foregoing document to be served by facsimile transmission from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number set forth above. Each transmission was reported as complete and without error.  A transmission report was properly issued by the sending facsimile machine for each interested party served.

Executed on **June 3, 2009**, at Santa Monica, California.

☒     (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　／s／Del Seyedan
　　　　　　　　　　　　　　　　　　　　Del Seyedan

SM01DOCS733166.1